IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-74,004-03






EX PARTE KEVIN BENTI DAVIS, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR-28107 IN THE 217TH DISTRICT COURT


FROM ANGELINA COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to twelve years' imprisonment. The Sixth Court of Appeals affirmed his
conviction. Davis v. State, No. 06-10-00186-CR (Tex. App. - Texarkana, March 11, 2011, no pet.).

 Applicant contends, inter alia, that the State withheld favorable evidence from the defense
and presented perjured testimony at trial, and that his trial counsel rendered ineffective assistance
because counsel failed to investigate or interview witnesses, compelled Applicant to waive his right
to a jury trial, and failed to prepare a defense because Applicant had not been able to pay his fees.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel, and
shall order the trial prosecutor to respond to his claim that the State withheld favorable evidence
from the defense and presented false testimony at trial. Specifically, trial counsel shall state what
investigation he conducted in this case, and whether he interviewed witnesses or prepared a defense.
Counsel shall state whether he compelled Applicant to waive a jury trial because he was not being
paid enough to conduct a jury trial. Counsel shall also state whether he was provided with any prior
written statements by Applicant's co-defendants or by the complainant in this case. 

 The trial prosecutor shall state whether there existed any agreement between the State and
Applicant's co-defendant Brandon Johnson in exchange for Johnson's testimony at Applicant's trial. 
If there was such an agreement, the prosecutor shall state whether it was disclosed to the defense. 
If there was no agreement, the prosecutor shall explain why there was discussion of such an
agreement at the beginning of Brandon Johnson's trial. The trial prosecutor shall also state whether
there were cell phone records obtained from the phones confiscated from Brandon Johnson, and if
so, whether those records were provided to the defense in Applicant's case. The trial prosecutor
shall state whether the State was in possession of any evidence or information with respect to
whether the complainant had met or knew Applicant prior to the date of the offense, and if so,
whether such evidence was disclosed to the defense.


 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In
the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with a complete copy of the trial
record, including the transcript of the trial and of any pre-trial hearings, copies of any pre-trial
motions, and any written discovery provided to the defense in this case. The trial court shall then
make findings of fact as to whether there were prior inconsistent statements made by Applicant's co-defendant Brandon Johnson, and if so, whether the existence of such statements was disclosed to the
defense. The trial court shall make findings as to whether Brandon Johnson had any agreement with
the State in exchange for his testimony at the time of Applicant's trial, and if so, whether such
agreement was disclosed to the defense. If no such agreement was in place at the time of Applicant's
trial, the trial court shall make findings as to why the prosecutor at Johnson's trial discussed the
existence of a plea agreement for a lesser charge in exchange for testimony.

 The trial court shall also make findings of fact as to whether the complainant's testimony at
Applicant's trial was contradicted by his testimony at Brandon Johnson's trial, and if so, the trial
court shall supplement the habeas record with the portions of the complainant's testimony at
Johnson's trial which is inconsistent with his testimony at Applicant's trial. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: September 12, 2012

Do not publish